UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JAMES BULLITT,                          )
                                        )
                    Petitioner,         )
                                        )
            v.                          )          No. 2:20-cv-00136-JMS-MJD
                                        )
BRIAN SMITH Warden,                     )
                                        )
                    Respondent.         )
                                        )
                                        )

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate James Bullitt petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISF 19-10-0333. For the reasons explained in this Order, Mr. Bullitt's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.**      **The Disciplinary Proceeding**

On October 28, 2019, Indiana Department of Correction (IDOC) teacher S. Hughes wrote a Report of Conduct charging Mr. Bullitt with a violation of the IDOC's Adult Disciplinary Code offense B-230 which prohibits counterfeit documents or the unauthorized possession of documents. The Report of Conduct states:

> On 10/28/19 at approximately 2:15 pm, I (S. Hughes #664 Teacher) was able to playback the recording of Offender Bullitt, James #851309 taking his TABE TEST. The video shows Offender Bullitt, James #851309 having a cheatsheet and using it for the test. After review of the recording, I, S. Hughes, notified Offender Bullitt, James #851309 that he would be receiving this conduct report and Identified him by his state I.D. This happened in RM 28 of Education Building.

Dkt. 10-1 [sic].

Mr. Bullitt was notified of the charge on October 30, 2019, when he received the screening report. Dkt. 10-2. He pled not guilty to the charge, did not ask for witnesses, but asked for the "video/document." *Id.*

The video was reviewed by Sgt. Criss who prepared this video review report:

> On 10.31.2019 I Sgt. Criss reviewed the date and time as requested by you. During the time reviewed, I observed you taking a test in the education building room 28. I see that you frequently look at something that is in your lap. I see that as you do this you are making corrections to your test. At one point I see that you take an article from your lap and place it on the table near your right arm.

Dkt. 10-5.

The disciplinary hearing was held on November 1, 2019. Mr. Bullitt's statement was:

> This is a placement test. There is no purpose for cheating. The paper I had in my lap was most likely the paper I was using for math problems.

Dkt. 10-4.

Based on Mr. Bullitt's statement, the staff reports (conduct report), and the video evidence, the hearing officer found Mr. Bullitt guilty of the B-230 offense. The sanctions imposed included

2

the loss of earned credit time and a suspended credit class demotion *Id.* Mr. Bullitt appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied on the question of guilt. Dkts. 10-6 & 10-7. In his facility level appeal, the charge was modified to a B-215 offense for the unauthorized possession of property. Dkt. 10-6.

Mr. Bullitt then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Warden has filed his return. Dkt. 10. Mr. Bullitt did not file a reply.

### C.   Analysis

In his petition, Mr. Bullitt argues that (1) there was insufficient evidence to support the charge, (2) the video evidence of him taking the test was "unauthorized" because it was the teacher's video, not IDOC video, (3) the alleged cheat sheet was not produced, and (4) the teacher failed to follow IDOC protocols within the education building. Dkt. 1 at 2.

### (1)   Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In assessing whether there is *some* evidence – *any* evidence – the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d

649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision."); *Hill*, 472 U.S. at 455 (noting that the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"). The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 941). Here, the conduct report written by the teacher provides *some* evidence to support the hearing officer's decision. Additionally, the video evidence is also *some* evidence to support the charge. Thus, the meager threshold of evidence sufficiency has been crossed, signaling the end to this Court's review of the evidence.

Habeas corpus relief on a sufficiency of the evidence basis is **denied**.

### (2)      Unauthorized Video Recording

*Wolff* and *Hill* do not prescribe evidentiary rules for prison disciplinary proceedings. *Wolff,* 418 U.S. at 558; *Hill*, 472 U.S. at 454. Prison officials are free to use any evidence they deem necessary to support the allegations so long as the *Hill* due process concerns are provided. This ground for relief is without merit, and habeas corpus on this basis is **denied**.

### (3)      Failure to Provide Evidence

The alleged cheat sheet was not confiscated by the teacher or other IDOC officials, therefore it could not be produced. There is no due process violation by officials failing to provide evidence they do not have. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) (prison administrators are not obligated to produce evidence they do not have). Additionally, producing the paper was not necessary to demonstrate Mr. Bullitt's guilt of the charge. The video evidence clearly shows Mr. Bullitt reviewing a paper during the test, and Mr. Bullitt admitted at the

disciplinary hearing to having some kind of paper with him. This ground for relief is without merit, and habeas corpus relief on this basis is **denied**.

       **(4)**    **IDOC Protocols**

       Mr. Bullitt contends the teacher did not follow IDOC protocols in the education building. He does not identify those protocols. It does not matter, however. Protocols would be the equivalent of IDOC policies and procedures. The violation of such policies is not a federal due process violation and is not a valid ground for habeas corpus relief.

       Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Accordingly, no habeas corpus relief can be granted on this basis.

       Habeas corpus relief on Mr. Bullitt's fourth ground is **denied**.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Bullitt to the relief he seeks. Accordingly, Mr. Bullitt's petition for a writ of habeas corpus challenging IDOC disciplinary case number ISF 19-10-0333 is **denied** and this action is **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 1/11/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

James Bullitt
851309
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Benjamin Myron Lane Jones
Indiana Attorney General
benjamin.jones@atg.in.gov